

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOODSPEED AIRPORT, LLC and TIMOTHY MELLON | CIVIL CASE NO: 301 CV 403 (SRU) |
| PLAINTIFFS, | |
| v. | |
| EAST HADDAM LAND TRUST, INC. MAUREEN VANDERSTAD, ANN KILPATRICK, ARTHUR MERROW, DEBORAH PIEZ, MARYBETH DURLAND, MATT ELGART, JOHN KASHANSKI, ROBERT R. SMITH, GEOFF WISWELL, SUSAN MERROW and JAMES VENTRES | |
| DEFENDANTS, | OCTOBER 22, 2003 |

### LIMITED OBJECTION TO MOTION TO COMPEL

The East Haddam Land Trust Defendants (that is, all defendants except for Susan Merrow and James Ventres) object to the Plaintiffs' Motion to Compel, as it pertains to reopening the deposition of Maureen Vanderstad.

The Land Trust Defendants' objection is threefold: First, the Plaintiffs have failed to comply with the provisions of Rule 37(a)(2) of the Federal Rules of Civil Procedure in that there has no good faith attempt to resolve this issue without Court involvement. Second,

ORAL ARGUMENT NOT REQUESTED

Plaintiffs had the opportunity to depose Ms. Vanderstad on January 24, 2003 and did, in fact, depose Ms. Vanderstad on that day from 10:00 a.m. until 5:00 p.m. Third, the Motion to Compel does not give any concrete reason as to why it is necessary, or even desirable, to re-open the deposition.

1. <u>There Has Been No Good Faith Attempt to Resolve This Issue.</u>

As part of its Motion to Compel, plaintiffs have apparently sought to schedule the depositions of James Ventres and Susan Merrow, and to re-open the deposition of Maureen Vanderstad, by sending letters to Attorney Bennet. However, as shown by attachments B, C and D to their Motion to Compel, these letters were forwarded only to Attorney Bennet, who is counsel to Mr. Ventres and Ms. Merrow. Attorney Bennet does not represent Ms. Vanderstad. The undersigned, as counsel for Ms. Vanderstad, was not approached by Plaintiffs' counsel with respect to reopening the deposition prior to the filing of the Motion. In fact, the undersigned never received copies of the correspondence from anyone until the Motion to Compel arrived. As a result, there was no good faith attempt to resolve the issue related to Ms. Vanderstad, and the Plaintiffs' Motion is procedurally defective.

2. <u>Plaintiffs Have Had an Opportunity to Fully Depose Ms. Vanderstad.</u>

In response to the Court Order that is appended to Plaintiffs' Motion as Attachment A, the parties scheduled Ms. Vanderstad's deposition for January 20, 2003. The deposition took place on that day, commencing at approximately 10:00 a.m. and concluding when

Plaintiffs' counsel declared that he had no further questions just after 5:00 p.m. Copies of the first and last pages of the deposition transcript are appended hereto.

3. <u>The Plaintiffs Have Given No Reason to Re-open the Deposition.</u>

Notwithstanding the fact that Ms. Vanderstad has been fully deposed, the Plaintiffs' Motion makes no effort to advise the Court as to why Plaintiffs believe the deposition should be reopened. In one of the pieces of correspondence appended to the Motion (which inexplicably was not shared with the undersigned counsel for Ms. Vanderstad) Plaintiffs made the conclusory statement that since Ms. Vanderstad's deposition in January of last year they believe additional information has come to light which would either contradict her prior testimony, or would assist her in remembering additional details. Plaintiffs have not explained this claim in any fashion.

The Plaintiffs had every opportunity to fully question Ms. Vanderstad, and should not be heard at this time to complain that they are not satisfied with the substance of the testimony. This is especially true in this case, where the Plaintiffs have completely ignored their responsibility to make initial disclosures pursuant to Rule 26.[1]

For the foregoing reasons, the East Haddam Land Trust Defendants respectfully request that this Court deny the Motion to Compel as it relates to Ms. Vanderstad. The East

---

[1] The East Haddam Land Trust Defendants promulgated significant discovery responses at the outset of the litigation, which responses are the equivalent of the initial disclosures.

Haddam Land Trust further requests that the Court order the Plaintiffs to comply with Rule 26 before any further discovery is permitted to proceed.

DEFENDANTS - EAST HADDAM LAND TRUST, INC., MAUREEN VANDERSTAD, ANN KILPATRICK ARTHUR MERROW, DEBORAH PIEZ, MARYBETH DURLAND, MATT ELGART, JOHN KASHANSKI, ROBERT R. SMITH, and GEOFF WISWELL

By _____
     Michael J. Donnelly - ct07974

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Fax: (860) 240-6150
e-mail mdonnelly@murthlaw.com
Their Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - -X
GOODSPEED AIRPORT, LLC, ET AL,      :
          Plaintiffs                :
                                    :
VS                                  :  3:01CV403SRU
                                    :
EAST HADDAM LAND TRUST, INC.,       :
ET AL,                              :
          Defendants                :
- - - - - - - - - - - - - - - - - -X
```

Deposition of MAUREEN VANDERSTAD taken at the offices of Gould, Larson, Bennet, Wells & McDonnell, 35 Plains Road, Essex, Connecticut, before Audra Gulliksen, RPR, Licensed Shorthand Reporter #106, and Notary Public, in and for the State of Connecticut on January 20, 2003, at 10:05 a.m.

COPY

DEL VECCHIO REPORTING SERVICES, LLC
PROFESSIONAL SHORTHAND REPORTERS

117 RANDI DRIVE                100 PEARL ST., 14th FL.
MADISON, CT 06443              HARTFORD, CT 06103-4506
   203 245-9583                    800 839-6867



A P P E A R A N C E S:

ON BEHALF OF THE PLAINTIFF:

JOHN R. FORNACIARI, ESQ.
KUTAK ROCK, LLP
1101 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036


ON BEHALF OF THE DEFENDANT EAST HADDAM LAND TRUST:

MICHAEL J. DONNELLY, ESQ.
MURTHA CULLINA, LLP
City Place
Hartford, Connecticut 06013


ON BEHALF OF THE DEFENDANT TOWN OF EAST HADDAM:

KENNETH McDONNELL, ESQ.
GOULD, LARSON, BENNET, WELLS & McDONNELL
35 Plains Road
Essex, Connecticut 06426


ALSO PRESENT:
      TIM MELLON

```
 1   refer to the cutting of the trees on that parcel as
 2   illegal trespass?
 3        A    I believe it was on the minutes sometimes as
 4   that.
 5        Q    Do you recall referring to it as an illegal
 6   trespass to the trooper to whom you made the report?
 7        A    No.
 8        Q    This refers to criminal and civil issues.
 9   What are the criminal issues as you understand them?
10        A    I thought in this she might have been
11   talking about the Inlands Wetlands hearing and possible
12   charges brought against us because of that.  I don't
13   know.
14        Q    So just so I understand your answer, when
15   this minute refers to the criminal issues, what did you
16   understand that to mean?
17        A    I thought it was to do with the Inlands
18   Wetlands.
19        Q    And in what regard?
20        A    I don't know.  That's what I thought she
21   meant by this, but I could be wrong.
22             MR. FORNACIARI:  I don't have any
23        further questions.
24             MR. DONNELLY:  I have no questions.
25             MR. McDONNELL:  I don't have any
```

```
1     questions.
2         (THEREUPON THE DEPOSITION WAS
3     CONCLUDED AT 5:11 P.M.)
```

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Limited Objection to Motion to Compel was mailed first-class, postage prepaid, on this 22nd day of October, 2003 to:

Goodspeed Airport, LLC and
Timothy Mellon

Timothy C. Moynahan, Esq.
Moynahan, Ruskin Mascolo & Minella
P.O. Box 2242
141 East Main Street
Waterbury, CT 06702

Goodspeed Airport, LLC and
Timothy Mellon

John R. Fornaciari, Esq.
Robert M. Disch, Esq.
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W.
11th Floor, East
Washington, D.C. 20005-3314

Susan Merrow
James Ventres

John S. Bennet, Esq.
Gould, Larson, Bennet, Wells &
 McDonnell, PC
35 Plains Road
P.O. Box 959
Essex, CT 06426

Michael J. Donnelly

695283