## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GOODSPEED AIRPORT, LLC, *et al.*  )
           )
   Plaintiffs,     )
           )  Civil Action No. 3:01CV403SRU
v.           )
           )
EAST HADDAM LAND TRUST, INC., *et al.* )
           )
   Defendants.    )

### PLAINTIFFS' STATUS REPORT

  Pursuant to the Court's Order Re: Status dated December 8, 2003, the parties hereby file their status reports. This is the Plaintiffs' Status Report. Due to the EHLT Defendants' Counsel's absence from the office, the parties were unable logistically to submit a joint status report. Defendants have asked that their status report be annexed hereto, which it is as Attachment A. Because of his absence from the office, the EHLT defendants' counsel has not reviewed Plaintiffs' status report in order to attempt to narrow any differences.

I.  The Nature of this matter; the relief requested;
   and the relationship of this case to other pending actions

  The Plaintiff Goodspeed Airport LLC ("Goodspeed LLC") is the owner of the Goodspeed Airport in East Haddam, Connecticut. The Plaintiff Timothy Mellon is the owner of Goodspeed LLC. The Defendants are Susan Merrow, who was the first selectperson for East Haddam, during the relevant time period, James Ventres, the enforcement officer of the Planning and Zoning Commission and of the Inland Wetland and Watercourse Commission ("IWWC") of East Haddam, the East Haddam Land Trust ("EHLT") and certain individuals who were or are directors of the EHLT.

1

On March 15, 2001, Plaintiffs filed their Complaint and on November 6, 2001, they filed their Amended Complaint. Defendants moved under Rule 12(b)(6) to dismiss, and the Court denied their motion on all counts of the Amended Complaint. The Plaintiffs have taken all the discovery the Court has allowed Plaintiffs to date. Goodspeed and Mr. Mellon have instituted this action for declaratory relief and damages. Plaintiffs seek: (1) a declaratory judgment establishing an easement to cut and trim trees on land of the EHLT adjacent to the Goodspeed Airport which, if left uncut, will obstruct the navigable airspace of the airport and endanger the safety of the traveling public and of the residents near the airport; and, (2) damages for the Defendants' coordinated efforts to deprive Plaintiffs of their federal constitutional rights under color of state law, as well as damages for Defendants' tortious conduct against Plaintiffs under Connecticut law.

The Defendants' status report cites three cases filed in Superior Court and attempts to characterize them in large part as overlapping in parties and claims with this case. This is not accurate. This case bears little semblance to the Superior Court cases all of which have different parties and significantly different legal claims. None of the Superior Court cases have as a party former first selectperson Merrow or James Ventres in his personal capacity or members of the EHLT board in their personal capacities. Additionally, in these other cases, Mellon has not raised claims of prescriptive easement, defamation, malicious prosecution, abuse of process or the misuse of public office under color of state law to intimidate and coerce Mellon to give up his property rights to feather a third-party's nest.

2

II.    Concise Summary of Disputed Facts and Law

The following is a concise summary of the disputed facts and law:

1.  Whether Plaintiffs have an easement to cut and trim trees and vegetation on the EHLT property adjacent to Goodspeed Airport on which Plaintiff cut vegetation?

2.  Whether Defendants acted under color of state law to deprive Plaintiffs of their federal constitutional rights in connection with certain state legal proceedings pertaining to the cutting and trimming of trees and vegetation on the EHLT property?

3.  Whether Defendants defamed Plaintiffs, caused a malicious prosecution of Plaintiffs abused state processes against the Plaintiffs, and engaged in vexations litigation against Plaintiffs.

III.   Status of Discovery

There is no justifiable reason to limit Plaintiffs' discovery at this point. Having pled a claim, Plaintiffs are entitled to the discovery available to any litigant seeking redress in this Court. The fact that Plaintiffs have sued under § 1983, local municipal officials and a local land trust is no reason to deprive Plaintiffs of full discovery. Indeed, § 1983 was enacted to protect citizens and entities from such official abuse.

Plaintiffs have taken five depositions of the following individuals: (1) the Defendant James Ventres; (2) the Defendant Susan Merrow; (3) the Defendant Maureen Vanderstad; (4) the Defendant Ann Kilpatrick; and, (5) third-party Morten Gelson. In addition, Plaintiffs have obtained documents and interrogatory answers from the Defendants.

This discovery shows that the public officials were in a joint venture with the Goodspeed Opera House ("GOH") to expand the GOH and to benefit the Town of East Haddam. Public official Defendants Merrow and Ventres believed GOH was the "cornerstone of its economic development program." (See GOH document annexed hereto as Exhibit B). They planned to close the airport, and

they put pressure on the former owner to sell to GOH. When Mellon derailed these plans by purchasing the airport, Ms. Merrow undertook the task of getting him to agree to cooperate with GOH and the public official defendants. Ms. Merrow admits that Mellon agreed to cooperate if the Town would help him with his plans.

Public official Ventres was the "go between" for all parties involved – GOH, EHLT and the Town. The evidence shows that Ventres knew Mellon wanted to stump cut on the EHLT property and he wanted Mellon to include the airport's development plans as part of a single plan to be approved by State Authorities. A former board member of EHLT testified that Ventres placed himself as a pivot point between EHLT and Mellon. Ventres, in fact, approved Mellon's clear-cutting trees on the airport property based on a report from the DOT Aeronautics Division.

When Mellon indicated he would give only a license to GOH for a fee, the negotiations with EHLT shifted, and EHLT began requesting a license for a fee. The evidence from EHLT indicates Ventres informed EHLT about Mellon's license proposal to the GOH, and suggested EHLT may do the same. The evidence shows Art Merrow, an EHLT board member and spouse of Susan Merrow was kept informed by Susan Merrow and vice versa.

At the time of cutting, documentary and testimonial evidence shows that the EHLT board was aware that the area in question had been stump cut several times in the past, and there was no objection to clear cutting the EHLT area. The only outstanding issues were whether the cutting would be pursuant to a license and whether a fee would be charged for cutting.

After the cutting, the evidence shows public officials made calls to the Nature Conservancy and the EHLT to arrange for them to file a baseless criminal complaint with the State Police. (See

4

handwritten notes, annexed hereto as Attachment C, of a telephone conversation from Ventres to the Nature Conservancy, telling the note-taker Mellon had engaged in criminal activity). The written evidence also shows an effort by the public officials to generate defamatory publicity against Mellon. Documentary evidence also shows public officials notified the EHLT of a IWWC meeting on the cease and desist without informing Mellon. In his deposition, Ventres concealed it was wrong to have only one side at the meeting to give evidence. The evidence shows that many of the most damaging statements made ex parte at the IWWC meeting by the EHLT were knowingly false and remained uncorrected by Ventres. For example, the testimony that the area had never been stump cut in past is false, as is the statement that there was no prior discussion about stump cutting. In fact, the documentary and testimonial evidence shows EHLT had agreed to clear-cut and that only the fee and license issues were outstanding.

Given the record Plaintiffs have developed to date under the discovery limitations in place, Plaintiffs are entitled to go forward and continue discovery.

Plaintiffs, as an initial matter, need to take at least three additional depositions of the following three individuals: (1) the Defendant Geoffrey Wiswell; (2) third-party Heidi Felner, who was a member of the EHLT and who, for a substantial period of time, was the EHLT's principal liaison with the Plaintiffs on the subject on the need for the trees to be cut on the EHLT property; (3) Todd Little of the Goodspeed Opera House ("GOH") which was a participant in Defendants' coordinated actions against Plaintiffs; and (4) Dawn Starr of GOH. (See Sec.Am.Compl. ¶¶ 30, 32, 43, 45, 56).

Until these depositions are completed, Plaintiffs are unable to state whether and what additional discovery may be required.

In addition, after the completion of factual discovery, there should be a period for the identification of experts, the exchange of expert reports and the deposition of the experts.

There is no Scheduling Order in effect so there is no need for a modification.

IV.    Court Facilitation Of The Resolution Of The Case

The Plaintiffs believe that the Court can best facilitate the resolution of this case by allowing Plaintiffs to complete discovery as set forth in § III, supra, and then set a date for the filing of summary judgment motions.

V.    Settlement

The EHLT has repeatedly requested a settlement conference with Plaintiffs. Because of what Plaintiffs regard as previous bad faith negotiations, Mr. Mellon has agreed to personally meet with a non-lawyer board member of EHLT to discuss settlement as soon as the State ceases its continuing retaliatory conduct in refusing to accept the gift of a conservation easement relating to this same property. Plaintiffs believe the State is obligated to accept such gift under the appropriate legislation. The EHLT has assured Plaintiffs that it is attempting to persuade the State to accept the gift. Other than this statement, Plaintiffs refer the Court to Defendants' Statement on the previous settlement negotiations.

The Plaintiffs do not believe a settlement conference or assignment to a special master would be beneficial at this time. The Plaintiffs believe that completion of the discovery set forth in § III, supra followed by the filing of dispositive motions would clarify the facts and the relative strengths and weaknesses of the parties' respective positions and would facilitate settlement discussions.

VI.    <u>Trial Preparation</u>

If the parties are permitted to take the discovery to which they are entitled under the Federal Rules, the case will be ready for trial in November, 2004.

No additional preparation other than that already set forth herein is necessary to prepare the case for trial.

There are no additional pleadings to be filed.

Respectfully submitted,

Timothy C. Moynahan, #09880
Moynahan Minella Broderick & Tindall
P.O. Box 2242
141 East Main Street
Waterbury, CT 06702
(203) 573-1411

John R. Fornaciari, #04653
Robert M. Disch, #04654
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005
(202) 218-0000

Counsel for Plaintiffs

DATED:  December 29, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Status Report was served upon the following by first class mail, postage prepaid this 29th day of December, 2003:

Michael J. Donnelly
Murtha Cullina, LLP
City Place I-185 Asylum Street
Hartford, CT 06103-3469

John S. Bennet
Gould, Larson, Bennet, Wells & McDonnell, P.C.
35 Plains Road
P. O. Box 959
Essex, CT 06426

_____
Robert M. Disch

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

GOODSPEED AIRPORT, LLC and :     CIVIL CASE
TIMOTHY MELLON :     NO: 301 CV 403 (SRU)
 :
PLAINTIFFS, :
v. :
 :
EAST HADDAM LAND TRUST, INC. :
MAUREEN VANDERSTAD, :
ANN KILPATRICK, ARTHUR MERROW, :
DEBORAH PIEZ, MARYBETH DURLAND, :
MATT ELGART, JOHN KASHANSKI, :
ROBERT R. SMITH, GEOFF WISWELL, :
SUSAN MERROW and JAMES VENTRES :
 :
DEFENDANTS, :     DECEMBER 23, 2003

STATUS REPORT

A. OVERVIEW OF THE CASE

    1.  This case involves the clear cutting of more than two acres of trees by an

agent of the Goodspeed Airport and Mr. Mellon (collectively, "Mellon") in December

2000, and the fallout from that cutting.  Upon discovering that the trees had been cut on

property owned by the defendant East Haddam Land Trust, certain of the defendants

went to the police to file a complaint.  Mellon objected to the attendant publicity and initiated this litigation claiming that his reputation has been damaged.

At least three (3) cases that are currently pending in the Superior Court of the State of Connecticut also arise out of the same tree cutting incident:

James Ventres and the East Haddam Inland Wetlands and Watercourses Commission v. Goodspeed Airport LLC, Timothy Mellon, Timothy Evans, The Nature Conservancy and the East Haddam Land Trust, CV-01-0076812S is at heart a regulatory enforcement action brought by the Inland Wetlands Commission and its Enforcement Officer seeking restoration of the floodplain forest and fines.  The East Haddam Land Trust is a defendant in the case because it owns the property upon which the wetland violation occurred.  In addition, the defendants in that case have filed a variety of cross-claims ranging from common law nuisance to a violation of Section 22a-16 of the Connecticut General Statutes.  The cross claims overlap in many respects with the claims before this Court.

Timothy Mellon, Goodspeed Airport LLC, and Timothy Evans v. Town of East Haddam Inland Wetlands and Watercourses Commission, Randy Dill, James Ventres, John Gibson, Bryan Goff, Nancy McHone, Wendy Goodfriend, and Mary Augustiny, CV-01-0076811-S is also a claim by Mr. Mellon and related parties that his civil rights

have been violated.  This case is addressed to the members of the Inland Wetlands

Commission.  Neither the East Haddam Land Trust nor any  members of its board of

directors are party to this case.

Commissioner of the Department of Environmental Protection v. Timothy Mellon,

Goodspeed Airport LLC, East Haddam Land Trust and The Nature Conservancy of

Connecticut, Inc., CV-02-0080540-S is a claim by the Connecticut Department of

Environmental Protection under Section 22a-16 of the Connecticut General Statutes.

The East Haddam Land Trust is a defendant in the case because it owns the property

upon which the cutting took place.

      2.    The parties dispute whether this Court has jurisdiction.  In November

2002, the Court remarked that Mellon's case was "hanging on by its fingernails", and

permitted Mellon to take four (4) depositions in an attempt to bolster its claim that his

substantive due process rights had been violated.  Upon the completion of the four (4)

depositions, the two defendants against whom the federal claims are pending were

invited to file a Motion for Summary Judgment with respect to the Section 1983 claims

which provide the alleged basis for this Court's jurisdiction.  However, Mellon has

only recently completed the depositions.  Defendants Sue Merrow and James Ventres

intend to file a Motion for Summary Judgment on or about January 16, 2004.

Because of the Motion for Summary Judgment that the Court invited upon completion of the depositions of Susan Merrow and James Ventres, the defendants have not filed Answers, Affirmative Defenses or Counterclaims. As a result it is impossible to list completely all disputed items of fact and law that go beyond jurisdiction. However, it appears likely that the parties will dispute the claim of the plaintiff that he had a right to undertake the cutting at issue. In addition, the parties are also expected to dispute the application of the Volunteer Protection Act 42 USC §14501, et seq., and Section 47-27(b) of the Connecticut General Statutes (which prevents parties from obtaining a prescriptive easements over the property of non-profits like the East Haddam Land Trust) to this litigation.

**B.  SETTLEMENT**

1. The plaintiff has requested that he meet with a single, non-lawyer individual on behalf of The Nature Conservancy and the East Haddam Land Trust to discuss the possibility of settling this case, as well as the cases that are presently pending in Connecticut State Court. The undersigned has identified an individual, and is awaiting scheduling of the meeting. However, more recently, the Plaintiff has indicated a refusal to go forward with the meeting until and unless he is able to convince some appropriate entity to accept a Scenic Easement over the airport property.

2.  The last settlement conference was conducted in connection with the related State Court litigation before Judge Teller of the Connecticut Superior Court in the Summer of 2002.  There are no reports due to Judge Teller.

3.  The Land Trust Defendants believe that additional settlement discussions would be helpful.  However, since any final settlement would need to involve a remedial component that must be approved by the Connecticut Department of Environmental Protection and the East Haddam Inland Wetlands and Watercourses Commission, these parties would ultimately have to be parties to such discussions.

## C.  TRIAL PREPARATION

1.  Since little discovery has taken place in this case due to the jurisdictional issue previously discussed, the Land Trust Parties believe that it will take the parties approximately nine months from the Court's decision on the Motion for Summary Judgment to prepare the case for trial.  The majority of this time will be spent in discovery.  However, it is difficult or impossible for the Land Trust defendants to be more precise at this time, since they have still not received the Plaintiff's Initial Disclosures.  As a result, the defendants are not currently in the position that the Rules would contemplate for them as they plan discovery going forward.

SUSAN MERROW AND JAMES VENTRES

By _____

John S. Bennet, Esq.- ct05614
Kenneth J. McDonell, Esq. - ct06555
Gould, Larson, Bennet, Wells &
     McDonnell, PC
35 Plains Road
P.O. Box 959
Essex, CT 06426
bennet@gould-larson.com
mcdonnell@gould-larson.com

EAST HADDAM LAND TRUST, INC.
MAUREEN VANDERSTAD, ANN
KILPATRICK
ARTHUR MERROW, DEBORAH PIEZ,
MARYBETH DURLAND, MATT ELGART,
JOHN KASHANSKI, ROBERT R. SMITH,
and
GEOFF WISWELL

By _____

Michael J. Donnelly - ct07974
mdonnelly@murthlaw.com
Seth M. Wilson - ct22171
swilson@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Fax:         (860) 240-6150

Their Attorneys

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

GOODSPEED AIRPORT, LLC and :     CIVIL CASE
TIMOTHY MELLON :     NO: 301 CV 403 (SRU)
    :
           PLAINTIFFS, :
v.     :
    :
EAST HADDAM LAND TRUST, INC. :
MAUREEN VANDERSTAD, :
ANN KILPATRICK, ARTHUR MERROW, :
DEBORAH PIEZ, MARYBETH DURLAND, :
MATT ELGART, JOHN KASHANSKI, :
ROBERT R. SMITH, GEOFF WISWELL, :
SUSAN MERROW and JAMES VENTRES :
    :
           DEFENDANTS, :     DECEMBER 23, 2003

## STATUS REPORT

A. OVERVIEW OF THE CASE

    1.  This case involves the clear cutting of more than two acres of trees by an

agent of the Goodspeed Airport and Mr. Mellon (collectively, "Mellon") in December

2000, and the fallout from that cutting.  Upon discovering that the trees had been cut on

property owned by the defendant East Haddam Land Trust, certain of the defendants

went to the police to file a complaint. Mellon objected to the attendant publicity and initiated this litigation claiming that his reputation has been damaged.

At least three (3) cases that are currently pending in the Superior Court of the State of Connecticut also arise out of the same tree cutting incident:

James Ventres and the East Haddam Inland Wetlands and Watercourses Commission v. Goodspeed Airport LLC, Timothy Mellon, Timothy Evans, The Nature Conservancy and the East Haddam Land Trust, CV-01-0076812S is at heart a regulatory enforcement action brought by the Inland Wetlands Commission and its Enforcement Officer seeking restoration of the floodplain forest and fines. The East Haddam Land Trust is a defendant in the case because it owns the property upon which the wetland violation occurred. In addition, the defendants in that case have filed a variety of cross-claims ranging from common law nuisance to a violation of Section 22a-16 of the Connecticut General Statutes. The cross claims overlap in many respects with the claims before this Court.

Timothy Mellon, Goodspeed Airport LLC, and Timothy Evans v. Town of East Haddam Inland Wetlands and Watercourses Commission, Randy Dill, James Ventres, John Gibson, Bryan Goff, Nancy McHone, Wendy Goodfriend, and Mary Augustiny, CV-01-0076811-S is also a claim by Mr. Mellon and related parties that his civil rights

have been violated.  This case is addressed to the members of the Inland Wetlands

Commission.  Neither the East Haddam Land Trust nor any  members of its board of

directors are party to this case.

Commissioner of the Department of Environmental Protection v. Timothy Mellon,

Goodspeed Airport LLC, East Haddam Land Trust and The Nature Conservancy of

Connecticut, Inc., CV-02-0080540-S is a claim by the Connecticut Department of

Environmental Protection under Section 22a-16 of the Connecticut General Statutes.

The East Haddam Land Trust is a defendant in the case because it owns the property

upon which the cutting took place.

     2.    The parties dispute whether this Court has jurisdiction.  In November

2002, the Court remarked that Mellon's case was "hanging on by its fingernails", and

permitted Mellon to take four (4) depositions in an attempt to bolster its claim that his

substantive due process rights had been violated.  Upon the completion of the four (4)

depositions, the two defendants against whom the federal claims are pending were

invited to file a Motion for Summary Judgment with respect to the Section 1983 claims

which provide the alleged basis for this Court's jurisdiction.  However, Mellon has

only recently completed the depositions.  Defendants Sue Merrow and James Ventres

intend to file a Motion for Summary Judgment on or about January 16, 2004.

Because of the Motion for Summary Judgment that the Court invited upon completion of the depositions of Susan Merrow and James Ventres, the defendants have not filed Answers, Affirmative Defenses or Counterclaims. As a result it is impossible to list completely all disputed items of fact and law that go beyond jurisdiction. However, it appears likely that the parties will dispute the claim of the plaintiff that he had a right to undertake the cutting at issue. In addition, the parties are also expected to dispute the application of the Volunteer Protection Act 42 USC §14501, et seq., and Section 47-27(b) of the Connecticut General Statutes (which prevents parties from obtaining a prescriptive easements over the property of non-profits like the East Haddam Land Trust) to this litigation.

## B.  SETTLEMENT

1.  The plaintiff has requested that he meet with a single, non-lawyer individual on behalf of The Nature Conservancy and the East Haddam Land Trust to discuss the possibility of settling this case, as well as the cases that are presently pending in Connecticut State Court. The undersigned has identified an individual, and is awaiting scheduling of the meeting. However, more recently, the Plaintiff has indicated a refusal to go forward with the meeting until and unless he is able to convince some appropriate entity to accept a Scenic Easement over the airport property.

2. The last settlement conference was conducted in connection with the related State Court litigation before Judge Teller of the Connecticut Superior Court in the Summer of 2002. There are no reports due to Judge Teller.

3. The Land Trust Defendants believe that additional settlement discussions would be helpful. However, since any final settlement would need to involve a remedial component that must be approved by the Connecticut Department of Environmental Protection and the East Haddam Inland Wetlands and Watercourses Commission, these parties would ultimately have to be parties to such discussions.

## C. TRIAL PREPARATION

1. Since little discovery has taken place in this case due to the jurisdictional issue previously discussed, the Land Trust Parties believe that it will take the parties approximately nine months from the Court's decision on the Motion for Summary Judgment to prepare the case for trial. The majority of this time will be spent in discovery. However, it is difficult or impossible for the Land Trust defendants to be more precise at this time, since they have still not received the Plaintiff's Initial Disclosures. As a result, the defendants are not currently in the position that the Rules would contemplate for them as they plan discovery going forward.

SUSAN MERROW AND JAMES VENTRES

By

John S. Bennet, Esq.- ct05614
Kenneth J. McDonell, Esq. - ct06555
Gould, Larson, Bennet, Wells &
   McDonnell, PC
35 Plains Road
P.O. Box 959
Essex, CT 06426
bennet@gould-larson.com
mcdonnell@gould-larson.com

EAST HADDAM LAND TRUST, INC.
MAUREEN VANDERSTAD, ANN
KILPATRICK
ARTHUR MERROW, DEBORAH PIEZ,
MARYBETH DURLAND, MATT ELGART,
JOHN KASHANSKI, ROBERT R. SMITH,
and
GEOFF WISWELL

By _____
    Michael J. Donnelly - ct07974
    mdonnelly@murthlaw.com
    Seth M. Wilson - ct22171
    swilson@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Fax:         (860) 240-6150

Their Attorneys

PLAINTIFF'S
EXHIBIT NO. VII
FOR IDENTIFICATION
DATE 11/19/03 RPTR: 86



CONFIDENTIAL

# Memorandum

**From:** Dawn L. Starr

**Date:** May 28, 1999

**Re:** Airport Property

---

Follow up on the status of Airport property negotiations:

May 25th - Jim Ventress informed us that the town believes that Goodspeed is the cornerstone of its economic development program. He also reported to us that Art D'Onofrio told him he has an interested buyer other than Goodspeed who is currently looking at the property. The interested party was represented to be a very wealthy individual with a history of donations for open space. Jim believes that the party might be Tim Mellon.

May 26th - I spoke with Art D'Onofrio who offered the following statements:

1) Goodspeed did not meet his $2.5 million price, therefore Art is pursuing negotiations with another interested party. This party is currently doing some due diligence.

2) If negotiations cease or are unfavorable he will come back to Goodspeed to discuss the sale of the property.

3) Art suggested we slow down a bit because the other interested party is a very wealthy individual who gives quite generously to the arts and would probably be willing to give Goodspeed what it needs for parking. (there was some back pedaling from give to sell or lease to it may be something they would discuss.) This person may be scared by all the politicking that is going on.

4) Art said he has felt a great deal of pressure from the town to close the deal.

There has been no independent verification that there is actually an interested party, and if there is one, that it is Tim Mellon. Lisk Wyckoff, who has a connection to the Mellon family, is currently seeking to confirm or deny their involvement. If the it is found that the Mellon family is interested in purchasing the property we would make it known that we want to work with them.

1

NF phone Conf

12/7/00

Jim Ventro

Cut everyth right down
Brush cut down
Did terrible Job

PLAINTIFF'S
EXHIBIT

Wetland →
He is ~~call~~ contaminated property
cease & desist → am futile
damage
Did it → Can only ~~once~~ have to
stabilize stream side

~~stop~~ Threats B criminal actions
from charge
Jim — Bd from charge
~~Get~~ DEP involved.
~~Bore~~ Their expertise

("I'm Tom Mellon, I can do anything
I want")

Jet cause impact to Wetland —
yes? → yes

↓

An Kilpatrick.
CMA
T/W        Steve Tessatre

DEFENDANT'S
EXHIBIT    NF
5-JD
6-4-03

**TNC0012**

"You can, see clearly Chapman Pond from the Bridge"

TNC0013