UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOODSPEED AIRPORT, LLC AND : <br> TIMOTHY MELLON           : <br>                             : <br>           PLAINTIFFS,      : <br> 5.                          : <br>                             : <br> EAST HADDAM LAND TRUST, INC. : <br> MAUREEN VANDERSTAD,          : <br> ANN KILPATRICK, ARTHUR MERROW, : <br> DEBORAH PIEZ, MARYBETH DRULAND : <br> MATT ELGART, JOHN KASHANSKI,   : <br> ROBERT R. SMITH, GEOFF WISWELL, : <br> SUSAN MERROW AND JAMES VENTRES : <br>                             : <br>           DEFENDANTS,      : <br>                             : | CIVIL CASE <br> NO: 301 CV 403 (SRU) <br><br><br><br><br><br><br><br><br><br><br><br> MARCH 5, 2004 |

### AFFIDAVIT OF JAMES VENTRES

The undersigned, James Ventres, hereby deposes and states under oath the following:

1. I am a citizen of the United States. I am over the age of eighteen years I understand the obligation of providing true and accurate information under oath, and I base the statements herein upon my own personal knowledge and information and my review of public records and documents.

2. I am the Land Use Administrator for the Town of East Haddam.

3. My duties include serving as the East Haddam Inland Wetlands and Watercourses Commission Enforcement Officer.

4. The East Haddam Land Trust, Inc. owns land between the southern end of the plaintiffs' airport and other land owned by the Nature Conservancy along the Connecticut River.

1

5. The East Haddam Land Trust, Inc. property includes inland wetlands that surround and protect "Chapman's Pond" which is part of the Connecticut River Estuary (CRE).

6. The CRE is recognized by: (a) the Nature Conservancy as one of the " Last Great Places;" (b) the U. S. Fish and Wildlife Services as a "Wetlands of International Importance;" and (c) the United States Council on Environmental Quality as one of ten "American Heritage Rivers."

7. I have never, at any time, stated to Mr. Mellon that the East Haddam Land Trust would agree to any clear cutting plan, whether set forth in a survey for the Goodspeed Airport or otherwise.

8. I have allowed Mr. Mellon to remove specific trees from the Goodspeed Airport property. All trees that I have authorized to be removed were on the Goodspeed Airport property itself. Seven trees along the north and south ends of the runway were specifically noted and removed. No permits were required for this activity.

9. I have discussed the removal of trees from the Airport property with Timothy Evans who was acting as an agent for Mr. Mellon. In the second quarter of 2000, I became aware that Mr. Evans was removing shrubs and small invasive trees at the Goodspeed Airport. I specifically told him not to remove major trees along the Connecticut River. During the second and third quarters of 2000, I was aware that Mr. Evans was removing shrubs and small invasive trees from the Goodspeed Airport property. I did not require a permit to be obtained, and was not otherwise concerned.

10. In November, 2000, I was aware that trees were being felled at the Goodspeed Airport property. I met with Mr. Evans and reviewed the situation. We agreed that the trees were being removed by beavers, and no violation had occurred. I took the time to remind Mr. Evans that no major trees should be cut.

11. Mr. Evans never discussed with me the removal of trees on any property but the Goodspeed Airport property.

12. I have never told Mr. Mellon that he would be able to clear trees under any circumstances on the East Haddam Land Trust Property. My position involving the large-scale cutting of trees within the wetlands has been consistent throughout this entire process: an inland wetlands and watercourses permit application must be filed, and was unlikely to be granted.

13. On or about December 11, 2000, I learned for the first time that approximately 3 acres

of trees and vegetation on the property owned by the East Haddam Land Trust and The Nature Conservancy had been cut by Tim Evans acting on behalf of the plaintiffs, Timothy Mellon and the Goodspeed Airport, LLC.

14. The cutting done on the East Haddam Land Trust and The Nature Conservancy property was done without permission of the East Haddam Land Trust or The Nature Conservancy and without a court order establishing a legal right to cut.

15. The cutting done on the East Haddam Land Trust and The Nature Conservancy property required a wetlands permit but no permit was applied for and no permits of any kind were granted.

18. A copy of the cease and desist order that I issued is attached hereto as Exhibit A.

19. At the cease and desist and show cause hearing held on February 28, 2001 by the East Haddam Inland Wetlands and Watercourse Commission (IWWC), the IWWC took no action on the cease and desist order but instead voted to bring an enforcement action against the plaintiffs and their agents and the East Haddam Land Trust. A copy of the minutes of that meeting is attached hereto as Exhibit B.

20. That enforcement action presently is being litigated in the Superior Court for the State of Connecticut and is entitled <u>James Ventres, et al vs. Timothy Mellon, et al</u>, Complex Litigation Docket No. X07 CV01-0076812-S, Judicial District of Tolland at Rockville.

21. The possibility of a future penalty or restriction to be imposed upon the plaintiffs as owners and operators of the Goodspeed Airport is being litigated in that pending enforcement action.

22. The plaintiffs continue to operate the Goodspeed Airport uninterrupted by the cease and desist order I had issued and unimpeded by any acts of myself, the IWWC or the Town of East Haddam.

IN WITNESS WHEREOF, the undersigned has executed this Affidavit as of the 4th day of March, 2004.

James Ventres

STATE OF CONNECTICUT )
                                ) ss: East Haddam
COUNTY OF MIDDLESEX )

       On the 4th day of March, 2004, before me, Kenneth J. McDonnell, the undersigned officer, personally appeared JAMES VENTRES, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained as his free act and deed.

       In Witness Whereof, I have hereunto set my hand and official seal.

                                                    Kenneth J. McDonnell
                                                    Commissioner of the Superior Court
                                                    Notary Public
                                                    My Commission Expires:

# INLAND WETLANDS & WATERCOURSES COMMISSION
## TOWN OF EAST HADDAM
### LAND USE OFFICE
(860) 873-5031
HOURS: Mon., Wed., & Thurs. 9AM-4PM / Tues. 9AM-7PM / Fri. 9AM-12 NOON

January 2, 2001

## NOTICE TO CEASE VIOLATION OF EAST HADDAM INLAND/WETLANDS AND WATERCOURSE COMMISSION REGULATIONS

TO:    Goodspeed Airport, LLC
       PO Box 441
       Lyme, Connecticut 06371-0441

       Evans Construction Company
       Orchard Road, East Haddam, Connecticut 06423

RE:    Property located on 15 Lumberyard Road and adjoining properties to the south.

       Assessor's Map 17, Lot 2     Property of Goodspeed Airport, LLC

       Assessor's Map 8, Lot 10     Property of East Haddam Land Trust

       Assessor's Map 8, Lot 11     Property of The Nature Conservancy


In accordance with the powers vested in me under Sections 12.2 and 12.4 of the Inland/Wetlands and Watercourses Commission Regulations of the Town of East Haddam and Sections 22a-44, et. seq., of the Connecticut General Statutes, I hereby Order you:

1. To Cease and Desist from all regulated activity within seventy-five feet of inland/wetlands and watercourses (regulated areas) on your property known as Assessor's Map #17, Lot #2, 15 Lumberyard Road, and adjoining properties known as Assessor's Map 8, Lot 10 and Assessor's Map 8, Lot 11.

2. Appear before the Inland & Wetlands and Watercourse Commission on January 11, 2001 at 7:30 p.m., at the Nathan Hale Ray High School cafeteria, School Lane, East Haddam, CT., to be heard and show cause why this order should not remain in effect.

THE INLAND WETLANDS AND WATERCOURSES COMMISSION REGULATIONS OF THE TOWN OF EAST HADDAM ARE VIOLATED IN THE FOLLOWING PARTICULARS:

w z/wetlands/legals/Cease&

Exhibit A                    A-1

1. You are conducting a regulated activity within 75 feet of a regulated area, in violations of the provisions of Section 5.5; specifically, clear cutting of a flood plain forest on the above referenced properties and disturbance of the flood plain soils around the tidal inlet at the end of the property without obtaining proper permits or determination from the Wetlands Commission. A regulated activity is defined in Section 2.1.j. as follows:

"Regulated activity" means any operation within or use of a wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution, of such wetlands or watercourses, but shall not include the specified activities in Section 4 of these regulations.

2. You are conducting a regulated activity in a regulated area in the Town of East Haddam without first obtaining a permit, which is a violation of the provision of Section 5.1.

3. As Enforcement Agent for the East Haddam Inland/Wetlands and Watercourse Commission, I am issuing you a written order to Cease from any activity within 75 feet of the wetlands according to Section 12.4 of the East Haddam Inland/Wetlands and Watercourse Commission Regulations, which states the following: "If the Commission finds that any person is conducting or maintaining any activity, facility or condition which is in violation of Section 22a-36 to 22a-45, inclusive as amended by Public Act No. 75-387, or of the Regulations of the Commission, the Commission may issue a written order by certified mail, to such person maintaining such facility or condition to correct such facility or condition. Within 10 days of the issuance of such order the Commission shall hold a hearing to provide the person an opportunity to be heard and show cause why the order should not remain in effect. The Commission shall consider the facts presented at the hearing and within ten days of the completion of the hearing notify the person by certified mail that the original order remains in effect, that a revised order is in effect, or that the order has been withdrawn. The original order shall be effective upon issuance, and shall remain in effect until the Commission affirms, revises, or withdraws the Order. The issuance of an order pursuant to this Section shall not delay or bar an action pursuant to subsection 12.5 of these regulations."

4. Section 12.5 of the East Haddam Inland/Wetlands and Watercourse Regulations states the following: "Any person who shall commit, take part in, or assist in, any violation of any provision of Sections 22a-36 to 22a-45, inclusive, of the Connecticut General Statutes, as amended, including any provision of these regulations of conditions imposed by the Commission upon a permit shall be served with a written notice, at the direction of the Commission, stating the nature of the violation and providing a specified time within which measures shall be taken by the violator.

<u>Satisfactory corrective measures are not to be done without a permit from the Commission.</u> Such violations shall be subject to the conditions and the penalties provided by Section 22a-44 of the Connecticut General Statutes."

u/z/wetlands/legals/Cease&

Exhibit A      A-2

**THIS LETTER CONSTITUTES NOTICE TO YOU OF VIOLATION PURSUANT TO SECTIONS 5.5, 12.4 & 12.5 OF THE EAST HADDAM INLAND WETLANDS AND WATERCOURSES COMMISSION'S REGULATIONS.**
THEREFORE, IT IS ORDERED THAT YOU COMPLY WITH THIS CEASE AND DESIST ORDER NO LATER THAN: January 2, 2001.

Failure to comply with this order will subject you to a penalty of not more than $1,000.00 for each offense, and each day's continuance of the violation shall be deemed a separate and distinct offense. Furthermore, you may be required to pay the Town of East Haddam its expenses and attorney's fees incurred in the enforcement of this order if voluntary compliance with this order does not take place.

DATED AT EAST HADDAM, CONNECTICUT
JANUARY 2, 2001


_____
JAMES VENTRES
INLAND/WETLANDS ENFORCEMENT OFFICER

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Goodspeed Airport, LLC, P.O. Box 441, Lyme, Connecticut 06371-0441

**Hand Delivered to Goodspeed Airport, LLC  15 Lumberyard Road**


cc:   Town Clerk
cc:   Brian Golembiewski  DEP Inland/Wetland Enforcement Department
cc:   Land Tech Consultants, Inc.
cc:   East Haddam Land Trust - c/o Maureen Vanderstad
cc:   The Nature Conservancy - c/o Nathan Frohling
cc:   Inland/Wetland Commission Members

INLAND WETLANDS AND WATERCOURSES COMMISSION
TOWN OF EAST HADDAM
LAND USE OFFICE
(860) 873-5031
HOURS: Mon., Wed., & Thurs. 9AM-4PM / Tues. 9AM-7PM / Fri. 9AM-12 NOON

January 2, 2001

DEP Inland / Wetlands Resources Division
79 Elm Street
Hartford, Connecticut 06106

Attention Brian Golembiewski

The East Haddam Inland/Wetlands and Watercourses Commission will hold a Cease & Desist Hearing on Thursday, January 11, 2001 at 7:30 p.m. in the Nathan Hale Ray High School cafeteria, School Lane, Main Street East Haddam, to hearing the following:

Goodspeed Airport, LLC, PO Box 441, Lyme, Connecticut 06371-0441

RE:   Property located on 15 Lumberyard Road and adjoining properties to the south.

    Assessor's Map 17, Lot 2    Property of Goodspeed Airport, LLC

    Assessor's Map 8, Lot 10    Property of East Haddam Land Trust

    Assessor's Map 8, Lot 11    Property of The Nature Conservancy

                Randy Dill, Chairman
      East Haddam Inland/Wetlands Commission

If you have any questions or need further information, please contact James Ventres, Land Use Administrator, at 860-873-5031.

u/z/wetlands/legals/Cease&

Exhibit A    A-4

# EAST HADDAM INLAND WETLANDS AND WATERCOURSES COMMISSION
## LAND USE OFFICE
860 873-5031
HOURS: Mon., Wed., & Thurs. 9AM-4PM / Tues. 9AM-7PM / Fri. 9AM-12 NOON

### SPECIAL MEETING AGENDA
NATHAN HALE RAY HIGH SCHOOL CAFETERIA
February 28, 2001 - 7:30 P.M.

1. CALL TO ORDER

2. ATTENDANCE

3. CEASE & DESIST AND SHOW CAUSE HEARING - Continued

    A) Goodspeed Airport, LLC. Assessor's Map 17, Lot 2

4. CONSIDERATION OF ACTION - Goodspeed Airport, LLC and Evans Construction Company

5. ADJOURNMENT

t/users/wet/agenda/022801

Exhibit B           B-1

INLAND WETLANDS & WATERCOURSE COMMISSION
(IWWC)
TOWN OF EAST HADDAM
CEASE AND DESIST AND SHOW CAUSE HEARING
FEBRUARY 28, 2001

1. CALL TO ORDER

Randolph Dill called the meeting to order at 7:30 p.m. in the cafeteria of the Nathan Hale Ray High School.

2. ATTENDANCE

**COMMISSIONERS PRESENT:** Randolph Dill, Chairman, John Gibson, Bryan Goff, Wendy Goodfriend and Nancy McHone

**COMMISSIONERS ABSENT:** Mary Augustiny

**OTHERS:** James Ventres, Land Use Administrator, Attorney Mark Branse, Attorney Jonathan Bashaw, Attorney Campbell Hudson, Timothy Mellon, Attorney Michael Donnelly, Chris Allen and approximately 35 individuals from the public.

3. CEASE AND DESIST AND SHOW CAUSE HEARING - Continued

A) Goodspeed Airport, LLC. Assessor's Map 17, Lot 2.

Mr. Mellon, Attorney Bashaw, Attorney Hudson, and Attorney Donnelly joined the Commissioners at the table. Attorney Branse noted that the hearing being held is a continuation of that held on January 11, 2001. Said continuation was at the request of the alleged violator.

Attorney Bashaw stated his understanding that the purpose of the hearing was to hear testimony and submit evidence as to why the cease and desist order, in his opinion, should not stand.

Attorney Bashaw stated that he and his clients wished to address the following:

- Legal and procedural issues

- Explain why they believe the airport had the legal right to cut trees on the Land Trust property.

- Explain why they believe the airport had the right to do so, without obtaining permit.

Exhibit B      B-2

- Explain why it is important to the airport and the eco-system to maintain this area under traditional airport safety standards, he further stated that it is believed that a balance for both safety and the Ecco system can be obtained.

Attorney Bashaw stated that at the end of the proceeding, and in consultation with an expert, a proposal would be presented that may resolve this issue. He further stated that this proposed resolution is the most important aspect of this meeting. He further stated that he had an obligation to establish a record in the event that this proceeding goes beyond this level and into the court system.

Attorney Bashaw again raised concern with conflict of interest issues. He stated that this issue was raised at the January 11, 2001 meeting. In particular, he stated that members of the East Haddam Land Trust should disqualify themselves from discussion (Commissioners Augustiny, Goff and McHone). He stated that notwithstanding previous discussion, the Land Trust has a fiduciary interest in the commercial transaction. He further stated that a formal motion to disqualify has been filed and that included in that motion in addition to those with a Land Trust affiliation is for Commissioner Gibson to be disqualified for reasons of bias and prejudice.

Attorney Bashaw stated that subsequent to the January 11, 2001 public hearing a December 19, 2000 regular meeting was held. He stated that the meeting turned into a public hearing on the enforcement action of the Goodspeed Airport. Prior to hearing any evidence or testimony, Commissioner Gibson queried whether criminal action should be taken against the airport.

Attorney Bashaw submitted videotape recorded December 19, 2000 of the meeting for the record. Attorney Branse raised concern with the media presented and suggested minutes or a transcript would be more appropriate. Attorney Bashaw disagreed, noting that the statute is quite broad regarding evidence at administrative hearings. After continued discussion, including Mr. Mellon's offer to purchase a TV for the town and Attorney Hudson's observation that the school board has the necessary viewing equipment, as a TV was presently located overhead, Attorney Branse accepted the videotape as evidence. Attorney Bashaw stipulated that he would provide two additional copies to the Town, and one to Mr. Donnelly.

Attorney Bashaw also presented a transcript of the December 19, 2000 meeting prepared by his staff. Attorney Bashaw highlighted the following from the transcript:

> Mr. Gibson "aside from the wetlands issue, isn't there a criminal trespass here."
> Mr. Ventres "sure, sure".
> Mr. Gibson "what about the criminal act"
> Mr. Dill "No, we are not getting into that"
> Mr. Gibson "I don't mean the town, I mean the property owners"
> Mrs. Augustiny "That is not a criminal action"

> Mr. Dill "We are going to keep the criminal activity out of this meeting, that is another issue, we don't want to get into that now"
> Mr. Gibson "No I was just asking, what else can be done"
> Mr. Dill "I appreciate that, I wasn't chastising you"
> Mr. Gibson "If I had someone cut trees down, there would be a State Trooper on my property 24 hours later".

Attorney Bashaw stated that these comments were made prior to comments being allowed by the airport. Attorney Branse sought clarity on the term "allowed". Attorney Bashaw stated that the hearing was not publicly noticed, therefore, his clients were not in attendance. Attorney Branse noted that it was a meeting and not a hearing. Attorney Bashaw disagreed and stated that the meeting/hearing issue would be discussed later, he was currently addressing disqualifying Mr. Gibson on grounds of bias and prejudice.

In addition to the comments noted above by Mr. Gibson regarding criminal activity, Attorney Bashaw read the following:

> **Maureen Vanderstad** "At one point, he (Mr. Mellon) suggested that it had been clear cut in the past. As far as I knew it had not been done since the late 1800's.
> **Mr. Gibson** "It is ironic that you thought negotiations were going on, trees were cut down on December 7.
> **Mrs. Vanderstad** "I was thinking the same thing"
> **Mr. Gibson** "Tora, Tora, Tora".

Attorney Bashaw stated that the reference to the bombing of Pearl Harbor was outrageous.

Mr. Bashaw noted additional comments from the December 19, 2000 meeting/hearing:

> Mrs. Augustiny stated that "it seems impossible to immediately remediate the trees. That would take years for that to be mediated, even under the best planting conditions".
> Mr. Gibson responded with a comment to the effect of shutting down the airport for 15 years to allow that to happen.

Attorney Bashaw stated that all this information is contained within the Motion to Disqualify. He further stated that he raises this issue because he has an obligation to do so, despite Mr. Gibson's statement that he could remain impartial.

Attorney Branse stated that at the January 11, 2001 hearing, members of the Goodspeed Opera House foundation, the Nature Conservancy, and members of the DEP were asked to disqualify themselves. He noted that such affiliation was not part of the Motion to Disqualify. Attorney Bashaw stated that the request stands, however, he did not incorporate such affiliation in the Motion to Disqualify filed.

Attorney Branse reviewed potential conflicts with the Commissioners present. Only Mrs. Goodfriend and Mr. Dill were not affiliated with any entities identified as conflicts by Attorney Bashaw. Attorney Branse pointed out that if Attorney Bashaw's request were granted, the Commission would not have a quorum.

Attorney Branse posed the following question to Attorney Bashaw:

> "This is your hearing, is it your wish that this question of conflict of interest be resolved up front, or do you wish to do your entire presentation and have the Commission deal with it at the conclusion of your entire presentation?"

Attorney Bashaw made it clear he did not want to continue if continuation would be construed as a waiver of the issue. Attorney Branse stated that his claim was clear and reiterated that the question is "whether or not you wish to proceed with substantive evidence for a Commission, a quorum of which you have asked to disqualify? It is your call".

For purposes of facilitating the process, Attorney Bashaw stated that he is willing to move forward. He reiterated, however, that by doing so, claims that a conflict exists are not being waived.

Attorney Bashaw questioned whether the Nature Conservancy concurred that claims were not being waived if the hearing continues. Attorney Donnelly stated that he had no problem if the presentation continues, he stated, however, that he may ask the Commission for its determination. Attorney Donnelly stated that he concurred with Attorney Branse that "it is your call".

Attorney Bashaw stated that a Motion to Disqualify has been formally filed. Accordingly, he stated that he did not feel it was "our call".

Attorney Branse reiterated whether it was desirable to deal with the procedural question of conflict now or after the entire presentation. Attorney Bashaw stated that he would prefer to address the procedural issue now.

Attorney Branse again inquired of each Commission member as to whether they could hear the matter without prejudment and with open mind. Each Commission member present responded affirmatively.

Attorney Branse stated that Attorney Bashaw opined, in his written brief, that if the Commission members with a potential conflict of interest did not disqualify themselves from the discussion, it would deprive his client of due process. Attorney Bashaw stated that Attorney Branse's summary was correct. Attorney Branse further quoted Attorney Brashaw's brief that any decision rendered by the Commission would be null and void.

Accordingly, Attorney Branse stated that if the Commission ordered the Cease and Desist Order remain in effect it would be null and void. Likewise, if the Commission ordered the filing of an application for a permit, or modified the Cease and Desist Order it too would be null and void. Attorney Branse inquired of Attorney Bashaw what he thought would happen if the hearing simply stopped? Attorney Bashaw stated that the Cease and Desist Order would be ineffective because a hearing would not have been held within ten days pursuant to statute. (Status quo). He further stated that this Commission, with its current constituency would be prohibited from taking further action.

Attorney Branse stated that he did not agree with Attorney Bashaw legally. He stated that pursuant to statute the hearing must open within ten days, it did. He further stated that the Commission must act to continue, modify or revoke the order. If the Commission's decision to continue is null and void, and if the commission's decision to modify is null and void then the Commission's decision to revoke the order would also be null and void. Therefore, he stated his belief that the Order would stand. He stated that counsel has agreed to disagree on that point.

Attorney Branse advised the Commission that hearings are held for the benefit of the recipients of the Order. He further stated that it is their statutory right to be heard. However, they have indicated that they do not believe that this tribunal is capable of giving them a fair hearing. He stated that it seems, therefore, that there is no point in continuing.

Accordingly, Attorney Branse recommended that the three Commission members recuse themselves, at the request of the applicant, without any concession of conflict of interest. This would prevent the Commission from having a quorum and the hearing would end regarding this agenda item.

Attorney Branse stated that since this is a public hearing, members of the public should have an opportunity to speak. He stated that it would be appropriate for the conflict of interest issue to be addressed. Attorney Branse stated that as the recipient of the Order has not addressed other substantive issues, public comments separate from the conflict of interest issue should not be made at this time.

Commissioner Dill solicited public comment. Will Brady inquired if the recipient of the Order was asking for the citizens of the Town weigh its elections based on the values of others.

Attorney Branse stated that pursuant to Statute, the recipient of the Order has the right to a hearing, determination is to be made by the Commission to continue, modify, or revoke the Order. Statute provides this process for the benefit of the recipient of the Order, if they want it. If they don't want it, because they feel the tribunal will not give them a fair hearing, they don't have to have it. Attorney Bashaw stated that it was not that his clients do not wish to have a hearing, however, he wants to make sure the hearing is conducted in a fair and impartial manner. He further stated his belief that if a hearing is not held, it

renders the Order, null and void. Responsive to a comment from Attorney Bashaw, Attorney Branse clarified that Attorney Bashaw has moved to disqualify 4 of the 6 Commission members. Accordingly, the present Commission cannot have a quorum, even at a later date.

Attorney Bashaw stated that an alternative is to proceed and have the presentation go forward, and the conflict of issue matter could be raised at a later point under an appeal process that may or may not be necessary. Attorney Branse stated that there could only be an appeal if there is a decision.

Attorney Branse recommended that unless there were other comments from the public, those members of the Commission that have been challenged leave the room. There being no further comments, Commissioners Goff, McHone and Gibson left the room at this time. Attorney Branse stated that these three members have stated that they do not have a conflict of interest, however, they have excused themselves from this matter. There is now no quorum for this agenda item. The hearing closed due to lack of quorum at 8:01 p.m. Attorney Branse invited the public to stay, as there is still another agenda item. Attorney Branse requested the Commissioners return.

Commissioner Dill reconvened the meeting at 8:04 p.m.

### 4) CONSIDERATION OF ACTION – Goodspeed Airport, LLC and Evans Construction Company

Attorney Branse stated that C.G.S. §8-22a-44 addresses what can or should happen in situations where regulations have allegedly been violated. He stated that there are three subsections of that section. C.G.S. §22a-44(a) provides that your agent can issue a Cease and Desist Order and within ten days a hearing shall convene. That procedure was just finished because the applicant felt that they could not receive a fair hearing based on claims of conflict of interest and pre-judgment. One of the provisions of C.G.S. §22a-44(a) is "the issuance of an Order pursuant to this section shall not delay or bar an action pursuant to subsection (b) of this section." Attorney Branse stated that subsection (b) is a provision that allows the Commission to refer this matter to its Enforcement Officer and its Attorney for immediate court action.

Attorney Branse summarized that pursuant to C.G.S. §22a-44(a) there has been no decision, will be no publication and no appeal. Attorney Branse stated that (b) concerns whether the Commission wishes to refer this matter for a direct civil action, this would have been required to seek injunctive relief, civil penalties and/or prison terms for any alleged violators. Attorney Branse stated that this likely would have occurred anyway, the Commission just arrived at the same place more expeditiously.

Attorney Branse questioned whether the Commission desired to direct he and Mr. Ventres to proceed with civil action against the following parties:

>Goodspeed Airport, LLC and its officers individually
>Evans Construction Company and its officers individually
>Property owners, Nature Conservancy and the East Haddam Land Trust (parties in interest)

Attorney Branse also advised that the Commission could seek imprisonment for up to six months, fines of up to $1,000 per day and restoration/mediation. Attorney Branse questioned if that was the direction in which the Commission wished to proceed? Attorney Branse further stated that subsection (c) is for willful violations.

Mr. Dill solicited input from each Commission member. It was the unanimous consent of each Commission member that the course of action proposed appeared to be the next logical step. Mr. Goff queried if Attorney Branse suggested an action be brought under subsection (b) or (c)? Attorney Branse suggested that both were appropriate.

Mrs. Goodfriend questioned what an alternative to civil proceedings would be? Attorney Branse responded that if the Commission takes no action he believes the Order remains outstanding, however, no mediation or restitution would occur. Commissioner Dill stated that the issue requires resolution and he noted concern that the authority of the Commission has been challenged.

Attorney Branse stated that he has prepared a resolution for the Commission's consideration as follows:

>Resolved that the East Haddam Inland Wetlands and Watercourse Commission hereby authorize its Enforcement Officer, James Ventres, and its attorney, Mark A. Branse, to commence suit in accordance with C.G.S. §22a-44(b) and (c), against any person who has committed, taken part in or assisted in the violation of the East Haddam Inland Wetlands and Watercourses Commission regulations as described in the Cease and Desist Orders of James Ventres issued on January 2, 2001. Such persons shall include, but may not be limited to, the Goodspeed Airport, LLC and any "responsible corporate officer" specifically including Timothy Mellon, Evans Construction Company and any "responsible corporate officer" specifically including Timothy Evans, East Haddam Land Trust and the Nature Conservancy. The Commission authorizes and directs its attorney to seek the maximum penalties authorized by law against violators, including but not limited to injunctive relief to compel the restoration of the area disturbed and/or the filing of an application for an Inland Wetlands and Watercourses permit, civil penalties, costs, expenses and attorneys fees and six months imprisonment for persons found to be in violation of the regulations. The Commission further directs its attorney to seek the assistance and involvement of the Connecticut Department of Environmental Protection, the Attorney General of the State of Connecticut, and any other state or federal agency having enforcement powers for violations of the kind apparently exhibited in this instance. There appears to be no question that a regulated activity has occurred in a regulated area, the alleged

Department of Environmental Protection, the Attorney General of the State of Connecticut, and any other state or federal agency having enforcement powers for violations of the kind apparently exhibited in this instance. There appears to be no question that a regulated activity has occurred in a regulated area, the alleged violators do not deny performing any regulated activity, but raised certain legal defenses to their actions. The Commission attempted to afford the violators a hearing on the matter at the local level, however, the alleged violators have stated, through counsel, that they do not believe that the Commission is capable of affording procedural due process in such a hearing. Although the Commission does not concur with that allegation the Commission defers to the wishes of the alleged violators and will allow the issues to be heard and decided in a Superior Court where all due process rights will be accorded to the parties. Dated East Haddam Connecticut this 28th day of February.

**Mr. Dill stated that he would move the resolution, Mr. Gibson seconded the resolution, which was carried by unanimous vote.**

There being no further business to discuss:

**Motion to adjourn by Mr. Dill at 8:15 p.m. Seconded by Mr. Goff and carried by unanimous vote.**

**EAST HADDAM INLAND WETLANDS AND WATERCOURSES COMMISSION**
**RESOLUTION REGARDING ENFORCEMENT ACTION PER**
**CONNECTICUT GENERAL STATUTES SECTION 22a-44(b) and (c)**

RESOLVED, that the East Haddam Inland Wetlands and Watercourses Commission hereby authorize its Enforcement Officer, James Ventres, and its attorney, Mark K. Branse, to commence suit, in accordance with Conn. Gen. Stats. § 22a-44(b) and (c), against any person who has committed, taken part in, or assisted in the violation of the East Haddam Inland Wetlands and Watercourses Regulations as described in the Cease and Desist Orders of James Ventres issued on January 2, 2001. Such persons shall include, but need not be limited to: Goodspeed Airport, LLC, and any "responsible corporate officer, specifically including Timothy Mellon; Evans Construction Company, and any "responsible corporate officer," specifically including Timothy Evans; the East Haddam Land Trust; and The Nature Conservancy.

The Commission authorizes and directs its attorney to seek the maximum penalties authorized by law against any violators, including, but not limited to: injunctive relief to compel the restoration of the area disturbed and/or the filing of an application for an Inland Wetlands and Watercourses Permit; civil penalties; costs, expenses and attorney's fees; and six (6) months imprisonment for persons found to be in violation of the Regulations. The Commission further directs its attorney to seek the assistance and involvement of the Connecticut Department of Environmental Protection, the Attorney General of the State of Connecticut, and any other State or Federal agency having enforcement powers for violations of the kind apparently exhibited in this instance.

There appears to be no question that a Regulated Activity has occurred in a Regulated Area, as those terms are defined in the Regulations. The alleged violators do not deny performing a Regulated Activity, but raise certain legal defenses to their actions. The Commission attempted to afford the alleged violators a hearing on the merits of this alleged violation at the local level, but the alleged violators have stated, through counsel, that they do not believe that the Commission is capable of according them procedural due process in such a hearing. Although the Commission does not concur with that allegation, the Commission defers to the wishes of the alleged violators and will allow the issues to be heard and decided before the Superior Court where all due process rights will be accorded to the parties.

Dated at East Haddam, Connecticut, this 28th day of February, 2001.

_____

Secretary

G:\WP60\East Haddam\ehiw mel suitresol.wpd

Exhibit B     B-10

**EAST HADDAM INLAND WETLANDS AND WATERCOURSES COMMISSION
RESOLUTION REGARDING ENFORCEMENT ACTION PER
CONNECTICUT GENERAL STATUTES SECTION 22a-44(b) and (c)**

RESOLVED, that the East Haddam Inland Wetlands and Watercourses Commission hereby authorize its Enforcement Officer, James Ventres, and its attorney, Mark K. Branse, to commence suit, in accordance with Conn. Gen. Stats. § 22a-44(b) and (c), against any person who has committed, taken part in, or assisted in the violation of the East Haddam Inland Wetlands and Watercourses Regulations as described in the Cease and Desist Orders of James Ventres issued on January 2, 2001. Such persons shall include, but need not be limited to: Goodspeed Airport, LLC, and any "responsible corporate officer, specifically including Timothy Mellon; Evans Construction Company, and any "responsible corporate officer," specifically including Timothy Evans; the East Haddam Land Trust; and The Nature Conservancy.

The Commission authorizes and directs its attorney to seek the maximum penalties authorized by law against any violators, including, but not limited to: injunctive relief to compel the restoration of the area disturbed and/or the filing of an application for an Inland Wetlands and Watercourses Permit; civil penalties; costs, expenses and attorney's fees; and six (6) months imprisonment for persons found to be in violation of the Regulations. The Commission further directs its attorney to seek the assistance and involvement of the Connecticut Department of Environmental Protection, the Attorney General of the State of Connecticut, and any other State or Federal agency having enforcement powers for violations of the kind apparently exhibited in this instance.

There appears to be no question that a Regulated Activity has occurred in a Regulated Area, as those terms are defined in the Regulations. The alleged violators do not deny performing a Regulated Activity, but raise certain legal defenses to their actions. The Commission attempted to afford the alleged violators a hearing on the merits of this alleged violation at the local level, but the alleged violators have stated, through counsel, that they do not believe that the Commission is capable of according them procedural due process in such a hearing. Although the Commission does not concur with that allegation, the Commission defers to the wishes of the alleged violators and will allow the issues to be heard and decided before the Superior Court where all due process rights will be accorded to the parties.

Dated at East Haddam, Connecticut, this 28th day of February, 2001.

_____
Secretary

G:\WP60\East Haddam\ehiw mel suitresol.wpd

Exhibit B        B-10