ORIGINAL
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2004 APR 12 A 9:03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| GOODSPEED AIRPORT, LLC, *et al.* | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 3:01CV403SRU |
| EAST HADDAM LAND TRUST, INC., *et al.* | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS

Pursuant to Local Rule 56, plaintiffs Timothy Mellon and Goodspeed Airport LLC hereby file their statement of disputed material facts.

I.   Plaintiffs' Disputed Facts

1.   Whether the owners of Goodspeed Airport have cut and trimmed trees on the EHLT realty since the airport's establishment in 1964. (Mellon Decl. ¶ 6; D'Onofrio Aff. ¶¶ 1-6.)

2.   Whether plaintiffs have the right to cut and trim trees on the EHLT realty. (Mellon Decl. ¶ 6; D'Onofrio Aff. ¶¶ 1-6.)

3.   Whether Mr. Ventres informed plaintiffs that the only authority they needed to cut and trim trees was a letter from the Connecticut DOT. (Mellon Decl. ¶ 11 and Attachment B.)

4.   Whether plaintiffs informed the defendants that they intended to cut and trim trees on the EHLT, including clear cutting. (Mellon Decl. ¶¶ 10, 14 and Attachment A.)

5.   Whether the EHLT's new position that it would only grant a license and the EHLT's demand for money were undertaken in retaliation for plaintiffs' request that the GOH pay for parking rights on the airport's property. (Mellon Decl. ¶¶ 10, 16-17.)

6. Whether the EHLT's new position that it would only grant a license and the EHLT's demand for money were a shakedown by the EHLT to extort monies from plaintiffs by taking advantage of the 5010 report and the urgent need to cut and trim trees on the EHLT realty. (Mellon Decl. ¶¶ 10, 16-17.)

7. Whether Mr. Ventres' issuance of a cease and desist order was undertaken in retaliation for plaintiffs' refusals to give into the demands of the GOH and the EHLT. (Mellon Decl. ¶¶ 10, 16-17.)

8. Whether Mr. Ventres purposefully withheld notice from the plaintiffs that the cease and desist order was on the agenda for the December 19, 2000 IWWC meeting. (Mellon Decl. ¶ 22.)

9. Whether Mr. Ventres informed one or more EHLT representatives that the cease and desist order was on the agenda for the December 19, 2000 IWWC meeting. (Mellon Decl. ¶ 22.)

10. Whether Ms. Vanderstad lied to the IWWC at its December 19, 2000 meeting when she told the IWWC that the trees had not been cut on the EHLT realty since the 1800's. (Mellon Decl. ¶¶ 6, 23.)

11. Whether Ms. Vanderstad lied to the IWWC at its December 19, 2000 meeting when she told the IWWC that clear cutting of trees had never been an option and that the EHLT told plaintiffs that clear cutting would not be allowed. (Mellon Decl. ¶ 10, 14, 23.)

12. Whether Mr. Ventres knew that Ms. Vanderstad was lying when she made the statements set forth in paragraphs 10 and 11 supra, and purposefully allowed her to lie and to mislead the IWWC. (Mellon Decl. ¶¶ 6, 10, 14, 23.)

13. Whether Mr. Ventres purposefully withheld from the IWWC the fact that Mr. Ventres had advised plaintiffs that the only authority they need to cut and trim trees was a letter from the Connecticut DOT. (Mellon Decl. ¶ 12, 23 and Attachment C.)

14. Whether the IWWC approved the issuance of a cease and desist order against plaintiffs on the basis of a purposefully false and distorted record. (Mellon Decl. ¶ 23 and Attachment C.)

15. Whether plaintiffs were deprived of their rights to notice and an opportunity to be heard in connection with the cease and desist order. (Mellon Decl. ¶ 22.)

16. Whether the IWWC tribunal at the January 11 and February 28, 2001 hearings was tainted and biased against the plaintiffs. (Mellon Decl. ¶¶ 25-26.)

17. Whether plaintiffs were deprived of their rights to have the cease and desist order reviewed by the IWWC and vacated, modified or affirmed. (Mellon Decl. ¶¶ 25-27.)

18. Whether the IWWC, by not reviewing the cease and desist order, and by, instead, leaving it in place, deprived plaintiffs of their right to appeal the issuance of the cease and desist order. (Mellon Decl. ¶ 27.)

19. Whether plaintiffs have been deprived of their right to cut and trim trees on the property of the Goodspeed Airport and to otherwise conduct regulated activities on the property. (Mellon Decl. ¶¶ 24, 27 and Attachment D.)

20. Whether the plaintiffs have been deprived of their right to cut and trim trees on the EHLT realty. (Mellon Decl. ¶¶ 24, 27 and Attachment D.)

II.    Defendants' Facts Which Plaintiffs Dispute

Plaintiffs dispute the following paragraphs and facts in defendants' Material Facts Not In Dispute – Local Rule 56(a)(1):

1.    The plaintiffs had authority to cut and trim trees on the EHLT realty by virtue of the fact that the owners of Goodspeed Airport had cut and trimmed trees on the EHLT realty since 1964 thereby giving plaintiffs a prescriptive easement. (Mellon Decl. ¶ 6.)

2.    The cutting and trimming of trees did not require permits. (Mellon Decl. ¶¶ 11, 13.)

3.    The cutting of trees on the EHLT realty did not require a Court Order. (Mellon Decl. ¶¶ 11, 13.)

4.    The IWWC tribunal was tainted and biased against plaintiffs. (Mellon Decl. ¶¶ 22-27.)

5. and 6.    The cease and desist order purports to prohibit plaintiffs from conducting any regulated activity on the airport's property, including the cutting and trimming of trees, and purports to prohibit plaintiffs from cutting and trimming trees on the EHLT realty. (Mellon Decl. Attachment B.)

Respectfully submitted,

_____
Timothy C. Moynahan, #09880
Moynahan Minella Broderick & Tindall
P.O. Box 2242
141 East Main Street
Waterbury, CT 06702
(203) 573-1411

_[signature]_
John R. Fornaciari, #04653
Robert M. Disch, #04654
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005
(202) 218-0000

Attorneys for Plaintiffs

DATED: April 12, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs Statement of Disputed Material Facts was served upon the following by first class mail, postage prepaid this 12th day of April, 2004:

        Michael J. Donnelly
        Murtha Cullina, LLP
        City Place I-185 Asylum Street
        Hartford, CT 06103-3469

        John S. Bennet
        Kenneth J. McDonnell
        Gould, Larson, Bennet, Wells & McDonnell, P.C.
        35 Plains Road
        P. O. Box 959
        Essex, CT 06426

                        _____
                              Robert M. Disch