UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 23 P 12: 40

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| GOODSPEED AIRPORT LLC, ET AL. | : |
| Plaintiffs | : |
| VS. | : CIVIL NO. 3:01CV403 (SRU) |
| EAST HADDAM LAND TRUST, INC., ET AL. | : |
| Defendants | : APRIL 22, 2004 |

## DEFENDANTS VENTRES AND MERROW REPY MEMORANDUM

The plaintiffs have failed to comply with Local Civil Rule 56(a)(2). The plaintiffs have failed to state, in separately numbered paragraphs corresponding to the paragraphs contained in the defendants' local rule 56a(1) statement, whether each of the facts asserted by the defendants is admitted or denied. Consequently, it is fair to infer that all the facts asserted by the defendants in support of their motion for summary judgment are admitted.

Therefore, the following facts are undisputed. The defendant, James Ventres, acting as Inland Wetlands and Watercourse Enforcement Officer, issued a cease and desist order against the plaintiffs after the plaintiffs clear cut acres of trees and vegetation in sensitive wetlands owned by the defendant East Haddam Land Trust ("EHLT"). (Fact # 3, 4, 5, 6, 7, and 10) The cease and desist order was never affirmed by the Inland Wetlands and Watercourses Commission. ("IWWC"). (Fact # 11) Instead, the IWWC authorized the bringing of an enforcement action in the Superior Court. (Fact # 11) That action presently is being litigated in the Superior Court for the State of Connecticut and is entitled James Ventres, et al vs. Timothy

1

Mellon, et al, Complex Litigation Docket No. X07 CV 01-0076812 S, Judicial District of Tolland at Rockville. (Fact # 12)

The plaintiffs acted without permission or authority of the landowners, without the required wetlands permits and without a court order or court finding that the plaintiffs had the right to act as they did. (Facts # 7, 8 &9) The plaintiffs have continued to operate their airport without interruption and whether they will suffer penalties or restrictions in the future has yet to be determined by the Superior Court. (Fact # 13 & 14)

The plaintiff Timothy Mellon's declaration filed in opposition to the defendants' motion for summary judgment does not raise any issues of material fact. Mellon's statements, or rather complaints, about Ventres' cease and desist order and the hearing held by the IWWC are irrelevant and immaterial. The issues of whether the plaintiffs have a legal right to cut trees and vegetation without the permission of the land owner and without a wetlands permit have yet to be decided in the Connecticut Superior Court.

The plaintiffs argue that the "cease and desist order deprives the plaintiffs of their prescriptive easement which is a quintessential property right under § 1983." (Plaintiffs' Memo in Opposition, p. 25) The plaintiffs do not point to any evidence of actual deprivation but merely repeat the language of the original cease and desist order which required the plaintiffs to stop cutting in wetlands and appear before the IWWC. The plaintiffs cannot escape the fact that the cease and desist order is moot and has no legal effect because it was not acted upon by the IWWC. Until a person acting under color of law actually imposes a penalty upon the plaintiffs or actually stops the plaintiffs from cutting in the environmentally sensitive wetlands around Chapman Pond and along the Connecticut River, there can be no federal claim of deprivation of

2

civil rights.

There is no judgment by a court of competent jurisdiction that has established the "prescriptive easement" the plaintiffs claim to have under state law. This Court need not decide such an issue of real property law because there has been no evidence presented that the cease and desist order has had any effect upon the plaintiffs' actions with respect to the EHLT land or wetlands on the plaintiffs' own property. Furthermore, there presently is pending a Superior Court action where that issue of state law may ultimately be decided if it is relevant to the enforcement action brought on behalf of the IWWC against the plaintiffs. The plaintiffs simply have failed to proffer any evidence that they have been deprived of anything that would give rise to a claim of deprivation of their civil rights.

In all the cases cited by the plaintiffs in their memorandum of law the persons claiming a deprivation of procedural due process or substantive due process actually had been denied a permit to build or do something. In all those cases the plaintiffs did not move forward with their projects because the permits were denied. It is undisputed that the plaintiffs herein did not apply for permits or permission from any governmental entity and just went ahead and completed their "project" of cutting in wetlands. The plaintiffs ignore that distinction.

In this case the plaintiffs simply claim justification for their actions because of alleged oral statements or misstatements by governmental officials or others. Those justifications may or may not provide the plaintiffs with a defense to the enforcement action pending in the Superior Court but those justifications do not give rise to a deprivation of due process claim.

The defendants are in the process of challenging in Superior Court the plaintiffs' claim that they can disturb sensitive wetlands with impunity. This is not a case of a temporary

3

deprivation of the plaintiffs' alleged rights. This is a case of no deprivation yet of the plaintiffs' alleged rights. The defendants can only hope that eventually the plaintiffs will be ordered to repair and restore the damage they have caused and be enjoined from doing it again. As of this moment, however, there is no evidence that the plaintiffs have been precluded from doing what they want or from continuing to operate their airport unimpeded by trees or uninterrupted by permit requirements.

THE DEFENDANTS,
Susan Merrow and James Ventres

By _____
Kenneth J. McDonnell
Gould, Larson, Bennet, Wells & McDonnell, P.C.
35 Plains Road
P. O. Box 959
Essex, CT 06426
Tel. (860) 767-9055
Fed. Juris No. ct 06555

**CERTIFICATION**

This is to certify that a copy of the foregoing tatement of Material Facts, Affidavits of Susan Merrow and James Ventres with Exhibits and Memorandum of Law were mailed via first class mail, postage prepaid this 22nd day of April, 2004, to the following counsel of record:

Timothy C. Moynahan, Esq.
Moynahan, Ruskin, Mascolo & Minnella
141 East Main Street
Waterbury, CT 06702

Michael J. Donnelly, Esq.
Murtha Cullina, LLP
CityPlace I - 185 Asylum Street
Hartford, CT 06103-3469

John R. Fornaciari, Esq.
Robert M. Disch, Esq.
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W., 11th Floor East
Washignton, D.C.  20005

_____
Kenneth J. McDonnell