UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOODSPEED AIRPORT LLC, et al.,<br>        Plaintiffs, | :<br>:<br>:     CIVIL ACTION NO.<br>:     3:01cv403 (SRU)<br>: |
| v. | |
| EAST HADDAM LAND TRUST, et al.,<br>        Defendants. | :<br>:<br>: |

**ORDER**

On December 22, 2004, this court orally granted the East Haddam Land Trust's motion for summary judgment on all counts of Goodspeed Airport LLC's ("Goodspeed") complaint. A judgment to that effect entered on January 3, 2005. On January 14, 2005, Goodspeed filed a motion for reconsideration, along with a motion to extend its time to file a notice of appeal. The latter motion was unnecessary because Goodspeed's motion for reconsideration is effectively a motion to alter or amend a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, the filing of which automatically extended Goodspeed's time to file an appeal. Fed. R. App. P. 4(a)(4)(A)(iv).

I did not act on Goodspeed's motion for extension of time, and, perhaps concerned by this, Goodspeed filed a notice of appeal on February 1, 2005, appealing the January 3rd judgment. Because Goodspeed had already filed a motion for reconsideration, however, the January 3rd judgment was no longer final, and therefore Goodspeed's filing a notice of appeal was ineffectual. *Lowrance v. Achtyl*, 20 F.3d 529, 533 (2d Cir. 1994); *see also* Wright, Miller & Kane, Federal Practice and Procedure § 2821 (2d ed. 1995). Goodspeed's notice of appeal will become effective if and when the motion for reconsideration is denied. Fed. R. App. Proc. 4(a)(4)(B)(i). Accordingly, this court still has jurisdiction over Goodspeed's motion for

reconsideration.

The defendants have not responded to Goodspeed's motion for reconsideration. Because a response would be helpful to the court, and because defendants' failure to respond is likely the product of the slightly confusing posture of this case, I will extend the normal filing deadlines on the motion.

Goodspeed's motion for extension of time to file a notice of appeal (doc. # 112) is DENIED as moot. Defendants have until March 16, 2005 to respond to Goodspeed's motion for reconsideration (doc. # 111). Should Goodspeed wish to reply to any response, it should do so by April 1, 2005.

It is so ordered.

Dated at Bridgeport, Connecticut, this 23rd day of February 2005.

      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge