UNITED STATES DISTRICT COURT   FILED
DISTRICT OF CONNECTICUT

2005 MAR 16  A 10: 06

| | |
|---|---|
| GOODSPEED AIRPORT LLC, ET AL. | : |
| Plaintiffs | : |
| | : CIVIL NO. 3:01CV403 (SRU) |
| VS. | : |
| | : |
| EAST HADDAM LAND TRUST, INC., ET AL. | : |
| | : |
| Defendants | : MARCH 15, 2005 |

U.S. DISTRICT COURT
BRIDGEPORT, CT

### MEMORANDUM OF DEFENDANTS VENTRES AND MERROW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S GRANT OF SUMMARY JUDGMENT FOR THE DEFENDANTS

Defendants James Ventres and Susan Merrow hereby file their memorandum in opposition to the Plaintiffs' motion for reconsideration of the Court's granting of summary judgment in favor of the Defendants.

### STATEMENT OF THE CASE

On December 21, 2004, this Court granted summary judgment in favor of the Defendants, James Ventres and Susan Merrow, on the grounds that the cease and desist order issued against Plaintiffs did not deprive Plaintiffs of any property or liberty rights. The Court held that because the C&D merely required Plaintiffs to cease all regulated activities in wetlands without a permit from the East Haddam Inland Wetlands and Watercourse Commission, the C&D merely required the Plaintiffs to comply with the law. Consequently, the Plaintiffs were not deprived of their substantive or procedural due process rights.

Defendants respectfully assert that the Court's ruling was correct and that the Plaintiffs

1

have offered no new facts or legal grounds that would support the Court's reconsideration of its ruling.

## ARGUMENT

### No property right or liberty interest was affected by the issuance of the Cease and Desist.

The Plaintiffs' motion for reconsideration is based mostly upon one case, Zaintz v. City of Albuquerque, 739 F. Supp. 1462 (D.N.M. 1990). There is no explanation offered by the Plaintiffs as to why this case was not cited in their original response to the Defendants' motion for summary judgment. Nevertheless, the Zaintz case is distinguishable from the case at bar.

In Zaintz, the plaintiffs were owners of a teenage dance club that was competing with another teenage dance club next door. The competing dance club was owned by persons with political connections. The plaintiffs' claim was that the plaintiffs were arbitrarily and capriciously required to comply with a particular city ordinance and other regulations while the plaintiffs' competitor was not so required. Although the plaintiffs were never shut down and did ultimately obtain the necessary operating permit, the District Court held that under New Mexico law, the plaintiffs had "competition rights" that might have been restricted for arbitrary and discriminatory reasons. Zaintz v. City of Albuquerque, 739 F. Supp. at 1468. The plaintiffs in the Zaintz case alleged that their "occupancy load", or number of patrons who could be permitted into the club at one time, was unreasonably limited for a period of time and that their operating permit was delayed because of arbitrary political favoritism.

Even if the Zaintz case is considered to be persuasive precedent, it is clearly distinguishable from the case at bar. The Plaintiffs herein have not alleged, nor have they offered any proof, that their "competition rights" have been affected in any way by the cease and desist

2

order that was issued after they clear-cut wetlands on the East Haddam Land Trust property. This Court was correct when it noted in its ruling on December 21, 2004 that "The only property right or liberty right that appears to be involved here is the right to the use of the airport property and the right to undertake actions consistent with a prescriptive easement that was claimed on the area around the airport. Neither of those rights have been infringed in any way by the issuance of a cease and desist order because the cease and desist order in this case simply required the parties to do what they were already required to do." (Transcript 12/21/04 p. 29)

In the present case it also should be noted that the Plaintiffs actually were benefitted by the issuance of the cease and desist order. After the Defendants' motion for summary judgment was filed, the Connecticut Superior Court found that the Plaintiffs are liable for trespass and for violations of wetlands statutes and regulations as a result of their clear-cutting of all woody vegetation that went far beyond any prescriptive easement rights. Civil penalties have been imposed by the Superior Court only up to the date the cease and desist order was issued. Therefore, rather than suffering harm as a result of the cease and desist order, the Plaintiffs actually have been helped financially because the civil penalties imposed have been limited to the period from the date of the cutting, November 29, 2000, to the date of the cease and desist order, January 2, 2001.

The case of Gavlak v. Town of Somers. 267 F. Supp. 2d 214 (D. Conn. 2003) also does not support the Plaintiffs' motion for reconsideration. In Gavlak, the plaintiff stopped operating his spring water collection business when he was served with a cease and desist order. When ruling on a motion to dismiss, the District Court held that the plaintiff had alleged a valid due process claim because the defendant Town had failed to reasonably consider his non-conforming

3

use claim when it upheld the cease and desist order.

In the instant case, the cease and desist order was not issued until after the Plaintiffs clear-cut all trees and other woody vegetation on wetlands owned by the East Haddam Land Trust. The Plaintiffs have never stopped operating their airport, nor have the Plaintiffs attempted any other regulated activity in a wetland or claimed that they have been unable to conduct any other activities as a result of the cease and desist order. The Gavlak case is inopposite to the case at bar.

Finally, the remaining cases cited by the Plaintiffs also are easily distinguishable from the case at bar. In Brady v. Town of Colchester, 863 F. 2d 205 (2nd Cir. 1988), the plaintiff was denied a certificate of occupancy and was unable to lease his property as a result of political animus. In Delguerico v. Springfield Township, 2002 WL 32341774 (E.D.Pa. Nov. 26, 2002), a motion to dismiss was denied because the complaint alleged that a cease and desist order requiring the plaintiffs to shut down their business had been issued for improper reasons and without a legal basis. In Dieterly v. Sorrenti, 1992 WL 310302 (E.D.Pa. Oct. 22, 1992), a motion to dismiss was denied because of allegations in the complaint that the plaintiff's access to state court was chilled by the defendant's issuance of daily citations for violations of a cease and desist order. In Women's Medical Professional Corp. v. Baird, 277 F. Supp. 2d 862 (S.D. Ohio 2003), after a bench trial, the Court issued a permanent injunction against the application of a state law to an abortion clinic because it unconstitutionally affected women's rights to choose an abortion.

## CONCLUSION

The Plaintiffs' motion for reconsideration raises no new evidence and no new legal theories. It is undisputed that the Plaintiffs have not been denied the right to operate their airport

4

and that the cease and desist order merely requires the Plaintiffs to comply with the law with respect to future contemplated activities in wetlands. The Plaintiffs' past activities, namely the clear-cutting of all woody vegetation in certain wetlands without a permit, has been addressed in the Connecticut Superior court. The Plaintiffs are not challenging the constitutionality of the wetlands regulations nor the due process afforded them in the Superior Court. The cease and desist order, rather than depriving the Plaintiffs of a constitutionally protected right, has had the opposite effect of limiting the Plaintiffs' liability for their wrongful actions.

This Court's ruling that "the cease and desist order merely required plaintiffs to comply with the law" was correct. There is no basis to reconsider or reverse this Court's ruling granting the Defendants' motion for summary judgment.

Respectfully Submitted

By: _____
Kenneth J. McDonnell
Gould, Larson, Bennet, Wells & McDonnell, PC
35 Plains Road
P.O. Box 959
Essex, CT 06426
Tel. (860) 767-9055
Fed. Bar No. ct 06555
Attorneys for the Defendants,
James Ventres and Susan Merrow

## CERTIFICATION

      This is to certify that a copy of the foregoing Memorandum of Defendants Susan Merrow and James Ventres in Opposition to Plaintiffs' Motion for Reconsideration was mailed via first class mail, postage prepaid this 15th day of March, 2005, to the following counsel of record:

Timothy C. Moynahan, Esq.
Moynahan, Ruskin, Mascolo & Minnella
141 East Main Street
Waterbury, CT 06702

Michael J. Donnelly, Esq.
Murtha Cullina, LLP
CityPlace I - 185 Asylum Street
Hartford, CT 06103-3469

John R. Fornaciai, Esquire
Robert M. Disch, Esquire
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C. 20005-3314

_____
Kenneth J. McDonnell