UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOODSPEED AIRPORT, LLC, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:01CV403SRU |
| ) | |
| EAST HADDAM LAND TRUST, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

REPLY OF PLAINTIFFS TO THE MEMORANDA OF DEFENDANTS
IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE
COURT'S GRANT OF SUMMARY JUDGMENT FOR THE DEFENDANTS

Plaintiffs Timothy Mellon and Goodspeed Airport, LLC hereby file their reply to the memoranda of defendants in opposition to plaintiffs' motion for reconsideration of the Court's grant of summary judgment for the defendants.

In response to plaintiffs' opening memorandum, defendants failed to cite one case for the proposition that entry of a cease and desist order does not deprive a landowner or business operator of any property rights. Rather, defendants attempt to distinguish the precedent cited by the plaintiffs, which they fail to do. Nor do defendants explain why, from the date of filing this case, until the hearing which resulted in the Count's order dismissing the case, defendants conceded that if the cease and desist order were still in effect, plaintiffs were deprived of property rights. Defendant's argument had been that the cease and desist order was no longer in effect, which argument was rejected by the State Superior Court.

The defendants attempt to distinguish the case of Zaintz v. City of Albuquerque, 739 F. Supp. 1462 (D.N.M. 1990) by asserting that Zaintz involved the deprivation of plaintiff's "competition rights" under New Mexico law to be treated the same by the zoning authorities as their competitors. This is untrue. In Zaintz, the right the property owner was deprived of was

the right to be free from "fraudulent, arbitrary or capricious action of a zoning authority." 739 F. Supp. at 1468.  In, Zaintz, the zoning authorities were violating that right by subjecting the plaintiff operator of a dance club to the requirements of a zoning ordinance which they were not applying to another such operator.  Zaintz thus involved improperly motivated zoning enforcement.  As in Zaintz, here, plaintiffs were subject to the issuance of a cease and desist order for the improper reason of Ventres seeking to assist the GOH in its efforts to obtain parking from the plaintiffs and, accordingly, plaintiffs have been deprived of the same property right as the plaintiff in Zaintz and have stated actionable claims under § 1983.

     The defendants attempt to distinguish the other precedent cited by plaintiffs by asserting that the cease and desist orders in those cases shut down an operating business.  (Opp. at 3-4).  Defendants' argument misses the mark.  In each of these cases, the plaintiffs were engaging in activity which the local zoning authorities considered to be unlawful and, in each of the cases, a cease and desist order was issued ordering plaintiffs to cease the allegedly unlawful activity.  Thus, in each case, the cease and desist order merely required the property owner to "comply with the law."  Yet, in every case, the § 1983 claim was upheld.  Contrary to the Court's ruling, these cases establish that a cease and desist is not a mere nullity and; instead, acts to deprive landowners of property rights by placing restrictions on the landowner's use of his or her land.  In each of these cases, the plaintiffs were arguing that their conduct on their property was lawful, just as the airport's claiming here that its right to cut and trim the trees and vegetation on its and the EHLT property is lawful based on Ventres' ruling which was consistent with the airport's practice since 1964.

     Defendants also altogether ignore plaintiffs' arguments that the cease and desist order deprived them of their property right to cut and trim trees and vegetation on their own property

and on the EHLT property that was created: (1) by virtue of Ventres' ruling they could do so without a permit in order to comply with the 5010 report (Pl. Mem. at 4-5) which was consistent with the airport's practice since 1964, when it was established, and by virtue of prohibiting the airport's consistent practice since 1964 of engaging in such cutting and trimming in order to maintain the safety of the navigable airspace of the airport on what is now the EHLT property adjacent to the airport. (Pl. Mem. at p. 5). There is no dispute that as IWWC enforcement officer, Ventres was authorized to issue the ruling permitting the airport to cut the trees on the airport and on the adjacent EHLT property without an IWWC permit pursuant to the 5010 report. Defendants also ignore that Ventres only changed his ruling after the airport insisted on being paid for parking made available to GOH.

Nor do defendants address plaintiffs' argument that the cease and desist order deprives them of property rights by imposing a fresh burden on them to prove that any activity on their property or on the EHLT property is not a regulated activity under the IWWC under the threat of enhanced sanctions to which they were not subjected in the absence of a cease and desist order. (Pl. Mem. at 5-6).

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs Timothy Mellon and Goodspeed Airport, LLC respectfully request that the Court grant their motion for reconsideration of the Court's entry of summary judgment for the Defendants.

Respectfully submitted,

    */s/Robert M. Disch*
John R. Fornaciari, ct04653
Robert M. Disch, ct04654
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W., 11th Floor East

                                                Washington, D.C. 20005
                                                202-218-0000 (phone)
                                                202-218-0020 (fax)

                                                Attorneys for Plaintiffs

Dated: April 1, 2005

-5-

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply of Plaintiffs to the Memoranda of Defendants in Opposition to Plaintiffs' Motion for Reconsideration of the Court's Grant of Summary Judgment for the Defendants was served upon the following electronically and by first class mail, postage prepaid this 1st day of April 2005:

>   Michael J. Donnelly
>   Murtha Cullina, LLP
>   City Place I-185 Asylum Street
>   Hartford, CT 06103-3469
>
>   John S. Bennet
>   Kenneth J. McDonnell
>   Gould, Larson, Bennet, Wells, McDonnell, P.C.
>   35 Plain Road
>   P.O. Box 959
>   Essex, CT 06426

>                  */s/Robert M. Disch*
>                   Robert M. Disch