MANDATE

01-cv-403
UNDERHILL

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 26th day of January, two thousand and six.

PRESENT:

    Hon. John M. Walker, Jr.,
        Chief Judge,
    Hon. Jon O. Newman,
    Hon. Robert A. Katzmann,
        Circuit Judges.

------------------------------------------------X
GOODSPEED AIRPORT, LLC and TIMOTHY MELLON,

    Plaintiffs-Appellants,

    - v. -                           No. 05-0622-cv

EAST HADDAM LAND TRUST, INC., MAUREEN VANDERSTAD,
ANN KILPATRICK, ARTHUR MERROW, DEBORAH PIEZ,
MARYBETH DURLAND, MATT ELGART, JOHN KASHANSKI,
ROBERT R. SMITH, GEOFF WISWELL, SUSAN MERROW,
and JAMES VENTRES,

    Defendants-Appellees.
------------------------------------------------X

ISSUED AS MANDATE: 2-16-06

| | | |
|---|---|---|
| 1 | APPEARING FOR APPELLANTS: | ERIC L. HIRSCHHORN, Winston & Strawn LLP (John R. Fornaciari, Sheppard Mullin Richter & Hampton, LLP, Washington, DC, and Timothy C. Moynahan, Moynahan Minella & Tindall, Waterbury, CT, on the brief), Washington, DC. |
| 2-10 | APPEARING FOR APPELLEES EAST HADDAM LAND TRUST, INC., MAUREEN VANDERSTAD, ANN KILPATRICK, ARTHUR MERROW, DEBORAH PIEZ, MARYBETH DURLAND, MATT ELGART, JOHN KASHANSKI, ROBERT R. SMITH, and GEOFF WISWELL: | MICHAEL J. DONNELLY, Murtha Cullina LLP, Hartford, CT. |
| 11-13 | APPEARING FOR APPELLEES SUSAN MERROW and JAMES VENTRES: | KENNETH J. McDONNELL, Gould, Larson, Bennet, Wells & McDonnell, P.C., Essex, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the district court's judgment is **AFFIRMED**.

Plaintiffs-appellants Goodspeed Airport, LLC and Timothy Mellon appeal from the January 3, 2005 judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, Judge) in favor of the defendants-appellees on the appellants' claims for a declaratory judgment and relief pursuant to 42 U.S.C. § 1983. The district court dismissed the appellants' initial complaint, from which only a declaratory-judgment claim was discernable, for lack of subject matter jurisdiction, but it allowed the appellants to file an amended complaint stating a claim for relief under § 1983, which they did. The district court had jurisdiction over that claim, on which it granted summary judgment to the appellees, pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We assume familiarity with the facts and procedural history.

The appellants contend that the district court had subject matter jurisdiction over the original complaint by virtue of the federal question raised in declaratory-judgment claim. We review

2

the district court's dismissal of the original complaint de novo. SEC v. Berger, 322 F.3d 187, 191 (2d Cir. 2003). Under the well-pleaded-complaint rule, the assertion of a federal defense does not present an issue "arising under" federal law for purposes of 28 U.S.C. § 1331; only claims arising under federal law in a well-pleaded complaint suffice. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983). In a declaratory-judgment action affirmatively asserting a federal defense, the underlying coercive action must present the issue arising under federal law. Franchise Tax Bd., 463 U.S. at 16. In this case, the declaratory-judgment claim asserts a federal right to be free of interference with maintaining navigable airspace as a defense to anticipated state-law claims of trespass and conversion against the appellants. Those state-law claims do not arise under federal law, and accordingly, this claim fails to create federal-question subject matter jurisdiction under 28 U.S.C. § 1331.

The appellants' jurisdictionally adequate § 1983 claims for relief in their amended complaint are premised on a local government's order to Goodspeed Airport, LLC to cease and desist from any "regulated activity" on all "regulated areas" of the airport's property and the East Haddam Land Trust's property; both quoted terms refer to the Inland Wetlands and Watercourses Commission Regulations of the Town of East Haddam. The appellants contend that the issuance of this order was an action under color of state law that violated their procedural due process and substantive due process rights. This court reviews the district court's grant of summary judgment de novo. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

To prevail on a procedural or substantive due process claim, the plaintiff must first identify a liberty or property interest protected by the Constitution of which the state deprived him or her. Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002); Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999). What constitutes a property entitlement is determined by sources outside of the Constitution, such as state law. Natale, 170 F.3d at 263. The appellants argue that the cease-and-desist order deprived them of a landowner's property right to be free from the arbitrary and biased government enforcement of regulations against them. We find no support for the principle that there is a "property right" to nonarbitrary government enforcement of regulations. The protection from arbitrariness is not a property right but the essence of the constitutional right to substantive due process, whose violation requires the deprivation of some external property right. See O'Connor v. Pierson, 426 F.3d 187, 200 n.6 (2d Cir. 2005) ("There is, of course, no substantive

3

constitutional right to be free from arbitrary government action as such, notwithstanding the language in some case law. . . . The right, to the extent it exists, is the right to be free of arbitrary government action that infringes a protected right."). Because the appellants point to no property right of which the government deprived them, the district court did not err in granting summary judgment on the § 1983 claims.

The district court's judgment is therefore **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*
Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *Jammy Martinez*
DEPUTY CLERK

4